IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

IFENG TSAI,        )
            )
    Plaintiff,     ) TC-MD 130070N
            )
  v.         )
            )
MARION COUNTY ASSESSOR,   )
            )
    Defendant.    ) **DECISION OF DISMISSAL**

This matter is before the court on Defendant's motion to dismiss (motion), filed with its

Answer on April 10, 2013. Defendant requests dismissal of Plaintiff's appeal "due to the tax rate

being beyond the jurisdiction of the Court. Additionally, [Plaintiff] stated [she] agreed with the

real market value on the roll and therefore [is] not aggrieved." (Def's Ans at 1.)

I. STATEMENT OF FACTS

Plaintiff filed her Complaint on March 6, 2013, and filed an Amended Complaint on

March 26, 2013. Plaintiff attached to her Amended Complaint a Board of Property Tax Appeals

Order sustaining the 2012-13 real market value of $144,650 for property identified as Account

R81712 (subject property). (Ptf's Am Compl at 4.) Plaintiff attached a letter to her Amended

Complaint, stating, in part:

> "Though the house has cheap quality construction[,] [] you appraised the property
> worth $144,500. I do not [] object[] [to] this apprais[al]. I believe if one rebuilt
> another similar house it will have to cost at least this money to build because [of]
> inflation[,] labor[,] and material costs. My point is that this house [is] located [in]
> the low income section 8 neighborhoods with [a] narrow alley way. All the
> neighbor houses are low income residents and subsidized by the government to
> live. I believe it should be qualified for rural housing develop project[] with the
> rural housing tax rates.
>
> "I believe this house is qualified for special low rates since its neighbors are all
> government [] low income section 8 residents and this house has been empty for
> more than 3 years without anyone occup[ying it]. The tax rate $19.00 [illegible]

should be adjusted to its environment value. * * * I wish * * * you will adjust this property tax to its rural housing low income shelter rates."

(*Id*. at 2.)

As case management conference was held in this matter on April 29, 2013. Plaintiff appeared on her own behalf and Robb Witters (Witters) appeared on behalf of Defendant. During the conference, Plaintiff stated that she agrees with the 2012-13 roll real market value of the subject property, $144,650. Plaintiff stated that many neighbors receive "section 8." She stated that she is seeking a property tax exemption for vacant properties. Witters responded that he was not aware of an exemption or special assessment received by properties neighboring the subject property. Witters stated that Plaintiff's challenge to the tax rate is not a justiciable issue and requested that Plaintiff's Complaint be dismissed if she is not seeking to challenge the 2012-13 real market value of the subject property.

During the April 29, 2013, case management conference, Plaintiff agreed to file a written response to Defendant's motion by May 13, 2013, stating whether she wished to continue this appeal and, if so, identifying her requested relief. The court issued a Journal Entry on April 30, 2013, reminding the parties of the agreed-upon deadline. (Journal Entry at 1.) On May 15, 2013, Plaintiff filed a letter with the court stating that "Mr. Witters also gave [her] the website to look for the opportunity for tax rates exemption or reduce." (Ptf's Ltr, May 15, 2013, at 1.) Plaintiff requested additional time to research. (*Id*.)

On May 20, 2013, Plaintiff filed a letter with the court stating that she had researched "the tax exemption[,]" but "could not find any that will help reduce [her] property tax burden." (Ptf's Ltr, May 20, 2013, at 1.) Plaintiff further stated that she

"[saw] the website has tax deferral []. The tax still has to be paid soon[er] or later and the fees and interests are continually added up. It [does] not [make] sense to apply for tax deferral. Unless you * * * would take special circumstance[s] and

DECISION OF DISMISSAL  TC-MD 130070N                                                    2

reduce our tax burden, I have no[] hope to get this adverse purchased settle[d] [so] that I will live peacefully."

(*Id.*)  Plaintiff reiterated her request for a reduction in her tax rate.  (*Id.*)

## II.  ANALYSIS

Plaintiff challenges the property taxes assessed on the subject property for the 2012-13 tax year.  "The tax rate is determined by local governments and can include, but is not limited to, levies for county expenses."  *Unck v. Multnomah County Assessor* (*Unck*), TC-MD No 070110B, 2007 Or Tax LEXIS 123 at *3 (Jul 30, 2007) (*citing* ORS 310.020).[1]  "Each ad valorem property tax of a taxing district shall apply to all the taxable property of the district * * * as shown by the assessment roll last compiled by the assessor."  ORS 310.100.  This court has jurisdiction over questions arising under the tax laws of the State of Oregon.  ORS 305.410.  The court has jurisdiction to consider the real market value of property.  However, the court is not aware of any statute or rule that "gives the court authority to directly reduce the amount of tax in [a] property tax appeal[]."  *Unck*, 2007 Or Tax LEXIS at *5.  "The court does not have the authority to independently adjust property taxes."  *Rothschild v. Multnomah County Assessor*, TC-MD No 040646C, 2005 Or Tax LEXIS 134 at *3 (Jun 10, 2005).

Plaintiff stated in her Amended Complaint and during the case management conference held in this matter that she agrees that the 2012-13 real market value of the subject property is correct.  Although Plaintiff requests a reduction in the 2012-13 property tax assessed on the subject property, she has not asserted that the 2012-13 property tax was calculated in error.  Plaintiff has not identified any statute or rule supporting her requested relief and the court is not aware of any such statute or rule.

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

In her Amended Complaint, Plaintiff referenced low income housing and "section 8" housing. ORS 307.092 provides a property tax exemption for "property of a housing authority" used for low income housing. There is no evidence that the subject property meets the requirements of ORS 307.092. The United States Department of Housing and Urban Development administers a program providing housing vouchers to certain low income individuals and families.[2] That program is not administered by Defendant or within the jurisdiction of this court.

## III. CONCLUSION

After careful consideration, the court concludes that Defendant's motion to dismiss should be granted. Plaintiff stated that she is in agreement with the 2012-13 real market value of the subject property. Plaintiff has not requested any relief that can be granted by this court. As a result, the court concludes that this matter should be dismissed. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ___ day of June 2013.

ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by __mailing__ to: 1163 State Street, Salem, OR 97301-2563; or by __hand delivery__ to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within __60__ days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This Decision was signed by Magistrate Allison R. Boomer on June 11, 2013. The Court filed and entered this Decision on June 11, 2013.*

---

[2] *See* http://portal.hud.gov/hudportal/HUD?src=/topics/housing_choice_voucher_program_section_8.